UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:21-cr-00532-SEP |
| CHRISTOPHER LEE CARROLL, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' motion to dismiss Counts 13-34 of the superseding indictment, Doc. [290]. For the reasons set forth below, the motion is denied.

**FACTS AND BACKGROUND**

A grand jury indicted Defendants on one count of Conspiracy to Violate the Clean Air Act (Count 13) and 21 counts of Tampering with Clean Air Act Monitoring Device (Counts 14-34). *See* Doc. [162]. Defendants now move to dismiss the "EPA counts in the Superseding Indictment" because it charges "criminal offenses under the Clean Air Act which are not in fact criminal offenses." Doc. [290] at 1, 6. Defendants argue that the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)—which overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)— released the Court of its obligation to defer to the EPA's interpretation of the Clean Air Act. And they argue that, unbound by *Loper Bright*, the Court is "free to interpret [the Clean Air Act] according to [its] plain meaning" and find that the charged offenses are civil, not criminal. Doc. [290] at 1. The United States disagrees with Defendants' interpretation of the Clean Air Act and argues that the motion is untimely.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 12(b) distinguishes between pretrial motions that may be made at any time and those that must be made before trial. "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). But a motion based on "a defect in the indictment or information, including . . . failure to state an offense," "must be raised by pretrial motion if the basis for the motion is then reasonably available." Fed. R. Crim. P. 12(b)(3). "The court may, at the arraignment or as soon afterward

1

as practicable, set a deadline for the parties to make pretrial motions . . . ." Fed. R. Crim. P. 12(c)(1).  "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).

## DISCUSSION

Defendants' motion is untimely without good cause; therefore, it is denied.

Jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)).  "[D]efects in an indictment do not deprive a court of its power to adjudicate a case."  *Id*.  And "[t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case."  *Id*. at 631 (alteration in original) (quoting *Lamar v. United States*, 240 U.S. 60, 36 (1916)).

"The circuits are split on the proper interpretation of *Cotton*."  *United States v. Muresanu*, 951 F.3d 833, 838 (7th Cir. 2020).  Some have taken a "broad" reading of Cotton, holding that "defects in an indictment—of whatever kind—are not jurisdictional," even if the "indictment fails to state an offense."  *Id*.; *see also United States v. De Vaughn*, 694 F.3d 1141, 1148-49 (10th Cir. 2012); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002).  But the Eleventh Circuit has held that "[i]f an indictment fails to charge such an offense [against the laws of the United States], then a court has no basis for exercising jurisdiction."  *United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013).  *But see Muresanu*, 951 F.3d at 838-39 (explaining why the narrow reading of *Cotton* is wrong).

The Eighth Circuit seems to have endorsed the broader reading of *Cotton*.  In *United States v. Harcevic*, the Eighth Circuit considered whether an unconditional guilty plea waived Harcevic's immunity defense.  999 F.3d 1172, 1177 (8th Cir. 2021).  The court found that Harcevic's immunity argument did not affect the Court's jurisdiction and had been waived by the unconditional plea agreement because the argument was "nothing more than a claim 'that the indictment does not charge a crime against the United States,' which does not deprive the district court of jurisdiction to decide the issue."  *Id*. at 1180 (citation omitted) (quoting *Lamar*, 240 U.S. at 65).

The indictment charges "offenses against the laws of the United States."  18 U.S.C. § 3231.  If some of the counts in the indictment are defective because they fail to state an

2

offense, Defendants could have challenged them in a pretrial motion. Fed. R. Crim. P. 12(b)(3). But a claim that the offenses charged are not criminal violations does not deprive the Court of its power to hear the case. The only Eighth Circuit case Defendants cite to support the argument that the defect is jurisdictional, *United States v. Parkhurst*, does not show otherwise. 24 F. App'x 631, 632 (8th Cir. 2001). *Parkhurst* was decided before *Cotton* and dealt with a "constitutional, not jurisdictional" challenge to the indictment. *Id*.

Because Defendants' challenge is not jurisdictional, it "must [have been] raised by pretrial motion." Fed. R. Crim. P. 12(b)(3). As authorized by Federal Rule of Criminal Procedure 12(c), the Court set the deadline for pretrial motions on August 15, 2023. *See* Docs. [171], [172]. Defendants' motion was filed almost a year after that deadline, so it is untimely unless Defendants can show good cause. Fed. R. Crim. P. 12(c)(3). Defendants argue that their new argument was not "reasonably available" until *Chevron* was overruled and the Court was free to interpret the Clean Air Act according to its plain meaning. *See* Doc. [293] at 2-3. That argument is meritless.

*Chevron* did not prevent Defendants from making their argument in a timely pretrial motion. Other than the general principle of *Chevron* deference, Defendants cite nothing that would have bound the Court to follow the EPA's allegedly atextual interpretation of the Clean Air Act. If the Supreme Court or Eighth Circuit had already decided that onboard diagnostic systems are monitoring devices by deferring to the EPA's interpretation of the statute, Defendants' argument might have some merit.[1] But Defendants cite no *Chevron*-based precedent that might have been called into question by *Loper Bright*. And they argue that the statutory text is unambiguous, relying on Eighth Circuit precedent that held that "[w]hen a statute is unambiguous, interpretation both begins and ends with the text." Doc. [290] at 4 (quoting *United States ex rel. Cairns v. D.S. Med. LLC*, 42 F.4th 828, 834 (8th Cir. 2022)). That was true even under *Chevron*. *See Voigt v. EPA*, 46 F.4th 895, 901 (8th Cir. 2022) ("If the statute is unambiguous, we simply apply the statute.") (quoting *Andrade-Zamora v. Lynch*, 814 F.3d 945, 951 (8th Cir. 2016)). If Defendants are correct that the statutory text unambiguously supports dismissal, then *Chevron* would have posed no obstacle to their motion, and the fact that *Chevron* was only recently overruled provides no good cause for their failure to timely file it.

---

[1] Even then, Defendants would be on shaky ground: "By [overruling *Chevron*], however, we do not call into question prior cases that relied on the *Chevron* framework." *Loper Bright*, 144 S. Ct. at 2273.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Counts 13-34 of the superseding indictment, Doc. [290], is **DENIED**.

Dated this 29th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4