UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-cr-00532-SEP |
| ) | |
| CHRISTOPHER LEE CARROLL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are the parties' motions in limine. During a series of three pretrial conferences on August 15 (PTC I), August 20 (PTC II), and August 22 (PTC III), 2024, the Court heard argument and issued oral rulings on the motions. This Order briefly recounts and summarizes the Court's rulings.

**I.    Defendants' Motions In Limine**

1. Defendants' Motion In Limine Regarding Prior Conviction, Doc. [304], was DENIED. As explained in detail on the oral record at PTC III, the United States may put on evidence that Mr. Carroll was on parole for a felony at the time the first Paycheck Protection Program (PPP) loan application was submitted. That evidence is relevant to his intent to defraud. If Mr. Carroll testifies, the United States may use his prior felony conviction to attack his character for truthfulness. *See* Fed. R. Evid. 609(a)(1)(B). Mr. Carroll's credibility is likely to be important to the jury, so the probative value of his past conviction outweighs its prejudicial effect, so long as the United States is limited to only (1) that Mr. Carroll was convicted of a felony and (2) the amount of time he served.

2. Defendants' Motion In Limine Regarding SBA Testimony, Doc. [306], was GRANTED IN PART. The United States witness from the Small Business Administration will be allowed to testify as set forth by the Court during PTC II.

3. Defendants' Motion In Limine Regarding Government Admission that He was Not an Owner of Square One Group, Doc. [307], was DENIED. Defendants may renew the objection during trial if they believe that the requirements for judicial estoppel are met.

4. Defendants' Motion In Limine Regarding Unexplained and Unsupported Allegations, Doc. [309], was GRANTED. Defendants moved to prohibit the United States from attacking Mr. Carroll's character for truthfulness with evidence that he caused George Reed's driveway to be vandalized. The United States provided the Court with the evidence supporting the allegation at PTC II. Because the basis for the questioning is tenuous, the probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403, 608(b).

5. Defendants' Motion In Limine Regarding Alleged Business Conduct, Doc. [310], was DENIED. The United States has a good faith basis to inquire into Mr. Carroll's allegedly

1

fraudulent business activities. Those instances of his past conduct are probative of his character for truthfulness, and that probative value is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403, 608(b).

6. Defendants' Motion In Limine Regarding Photos of Chris Carroll's Home, Doc. [311], was GRANTED.

7. Defendants' Motion In Limine Regarding Onboard Diagnostic Systems, Doc. [312], was DENIED for the reasons that will be set out in a separate memorandum and order.

8. Defendants' Motion In Limine Based on Recent Court Ruling in Another District, Doc. [347], was DENIED. The fact and timing of large expenditures on things unrelated to the purposes of the PPP loans are probative of the existence of the alleged scheme to defraud.

## II.     United States' Motions In Limine[1]

1. United States' Motion in Limine to Admit Evidence of Defendant Carroll's Felony Conviction and Parole Status was GRANTED as explained at PTC III and set forth above in reference to Defendants' Motion In Limine #1.

2. United States' Motion in Limine to Permit Impeachment of Defendant Carroll with Evidence of Prior Conviction for Forcible Sodomy was GRANTED IN PART as explained at PTC III and set forth above in reference to Defendants' Motion In Limine #1.

3. United States' Motion in Limine to Admit Relevant, Intrinsic Evidence that Defendant Carroll, George Reed, Kimberly Carroll, and Daniel Human Met at the Farmington Correctional Center was GRANTED for the reason set forth on the record at PTC II.

4. United States' Motion in Limine to Permit Cross-Examination of Defendant Carroll Regarding Timeshare Exit Fraud was GRANTED as set forth above in reference to Defendants' Motion In Limine #5.

5. United States' Motion in Limine to Permit Cross-Examination of Defendant Carroll Regarding Life Insurance Murder for Hire Conspiracy was DENIED. The probative value of the evidence as to Mr. Carroll's character for truthfulness is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403, 608(b).

6. United States' Motion in Limine to Preclude Improper Argument and Evidence Regarding Amendments to PPP Rules was GRANTED IN PART. Evidence of changes to the PPP loan eligibility that occurred after Mr. Carroll submitted the first loan application are not relevant to the first loan application and create a danger of misleading the jury. Additionally, general evidence of confusion unmoored from the facts of the case has limited probative value and creates a danger of confusing the issues. Defendants may submit evidence of confusion that is tied to the facts of the case.

7. United States' Motion in Limine to Preclude Evidence and Argument Regarding Lender Negligence was GRANTED as unopposed. Defendants represented that they do not plan to put on evidence of lender negligence.

---

[1] The United States filed all but one of its motions in limine in a combined Trial Brief and Motion In Limine for Pretrial Determinations of Admissibility. *See* Doc. [308].

2

8. United States' Motion in Limine to Preclude Improper Legal Opinion as to Defendant Carroll's Ownership Status was GRANTED IN PART as set forth in PTC II. The parties should also consider the Court's oral ruling at PTC III regarding whether Mr. Carroll was an owner of Square One Group within the meaning of the PPP loan application form. If necessary, the Court will provide limiting instructions to ensure the jury is properly instructed on the relevant law.

9. United States' Motion in Limine to Preclude an Advice of Counsel Defense was GRANTED as unopposed. Defendants represented that they are not planning to put on an advice of counsel defense at this time.

10. United States' Motion in Limine to Admit Authentic, Relevant, Non-Hearsay Communications Between Defendant Carroll, George Reed, and Matthew Titus was GRANTED for the reasons set forth on the record at PTC II and III.

11. United States' Motion in Limine to Admit Non-Hearsay Statements of Square One Group Managers was DENIED. The United States represented that it does not plan to present such evidence.

12. United States' Motion in Limine to Prevent Improper Impeachment of George Reed with Unsigned, Draft Plea Agreements, Which Were Neither Made nor Adopted by George Reed was GRANTED IN PART. The question of impeaching George Reed with draft plea agreements is moot because Defendants do not possess the draft plea agreements. The propriety of any other questioning of Mr. Reed will be addressed as necessary at trial.

13. United States' Motion in Limine to Preclude Examination Regarding Privileged Communication was GRANTED for the reasons set forth in Judge Welby's Memorandum and Order dated August 21, 2024, Doc. [371].

14. United States' Motion in Limine to Enforce Terms of Defendant Carroll's Proffer Agreement was TAKEN UNDER ADVISEMENT.

15. United States' Motion in Limine to Preclude Improper Character Evidence was TAKEN UNDER ADVISEMENT. The Court plans to apply the Federal Rules of Evidence to exclude improper character evidence.

16. United States' Motion in Limine to Preclude Defendants' Introduction of Self-Serving Hearsay was TAKEN UNDER ADVISEMENT. The Court will apply Federal Rule of Evidence 106 as set forth in in *United States v. Thurber*, 106 F.4th 814 (8th Cir. 2024). And the Court is cognizant of the "potential for abuse in impeaching one's own witness with prior inconsistent statements" and will apply Federal Rule of Evidence 403 as appropriate under the circumstances. *United States v. Buffalo*, 358 F.3d 519, 522 (8th Cir. 2004).

17. United States' Motion In Limine to Admit Summary Exhibits was TAKEN UNDER ADVISEMENT pending Defendants' review of the exhibits.

18. United States' Motion in Limine to Permit Use of Demonstrative Exhibits with Summary Witness was TAKEN UNDER ADVISEMENT pending Defendants' review of the exhibits.

19. United States' Motion in Limine to Admit Certified Business Records was GRANTED. Defendants withdrew their objection at PTC I.

20. United States' Motion In Limine to Preclude Defendants from Claiming Ignorance of Law or Mistake of Law was GRANTED as unopposed. Defendants represented that they are not planning to make such an argument at this time but will notify the Court if that changes.

21. United States' Motion in Limine to Preclude Argument as to Selective or Vindictive Prosecution was GRANTED as unopposed. Defendants represented that they are not planning to make such an argument at this time but will notify the Court if that changes.

22. United States' Motion in Limine Prohibit Improper Jury Nullification was GRANTED. Defendants may cross examine witnesses about any cooperation with the United States. Defendants will approach the bench before making any arguments about civil penalties under the Clean Air Act.

23. United States' Motion in Limine to Preclude Unfounded Allegations of Law Enforcement misconduct was GRANTED. The Court will apply Federal Rule of Evidence 608.

24. United States' Motion in Limine to Preclude Improper Argument as to Missing Witnesses was TAKEN UNDER ADVISEMENT. The Court will reconsider the motion if a party seeks a missing witness instruction.

25. United States' Motion in Limine to Exclude All Evidence Not Produced in Reciprocal Discovery was DENIED as moot. Defendants represented to the Court that they will not introduce any evidence in their case-in-chief that they have not already turned over to the United States.

26. United States' Motion in Limine to preclude Kimberly Carroll's Medical Records, Doc. [326], was DENIED. The Court will apply the Federal Rules of Evidence to the records. The parties are encouraged to confer and resolve any issues related to the medical records in advance of trial.

As stated at the pretrial conferences, all rulings are provisional and subject to change as the parties introduce evidence at trial. It is incumbent upon the parties to make any argument that a pretrial ruling should be reconsidered *before* taking any action contrary to a pretrial ruling.

**SO ORDERED.**

Dated this 24th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE