UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cr-00532-SEP |
| | ) |
| CHRISTOPHER LEE CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' Motion to Compel Disclosure of Newly Disclosed Witness Summary Testimony, Doc. [281], and Motion to Compel Jencks Material in the Form of E-Mails, Doc. [359]. For the reasons set forth below, the former is granted in part and the latter is denied.

The United States plans to call Ms. Kandace Zelaya as a witness at trial. Ms. Zelaya is an attorney for the Small Business Administration and will testify about the Paycheck Protection Program based on her experience working at the SBA. After the United States provided a "Disclosure of Anticipated Testimony," Defendants requested the United States disclose any drafts of Ms. Zelaya's summary testimony under either *Brady* or the Jencks Act. The United States represented that it would "produce all required Jencks Act materials sufficiently in advance of trial," and "represent[ed] to the Court that it does not possess any *Brady* material regarding Ms. Zelaya's proposed testimony in the form of draft witness summaries or any other form." Doc. [283] at 2 & n.2.

At the Pretrial Conference on August 15, 2024, the United States informed the Court that it had produced all Jencks materials to Defendants. It is not clear whether that production included the drafts of Ms. Zelaya's summary testimony requested by Defendants. After reviewing the Jencks materials, Defendants filed a Motion to Compel Jencks Material in the Form of E-Mails. Doc. [359]. Defendants argue that it is implausible that the United States possesses no emails that qualify as Jencks material.

Defendants' motions essentially raise two arguments: one general and one specific. First, they argue that the United States is impermissibly narrowing the scope of the Jencks Act. They argue that, because Ms. Zelaya works for the SBA—part of the federal government—and

1

has testified in other PPP prosecutions, all her past statements made in the course of her employment with the SBA and related to her testimony in other cases are Jencks material. They argue that the United States, "has failed to try to obtain any" of that material, and "it is highly probable that there is a very large collection of e-mails and other writings authored by her talking about the very topics she has been proposed to testify here about." Doc. [359] at 3.

The Eighth Circuit's "precedent cautions against such an extension" of the Jencks Act. *United States v. Primm*, 63 F.4th 1186, 1191 (8th Cir. 2023). The Jencks Act requires "the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500. Defendants' request for Ms. Zelaya's emails and other statements from her work at the SBA would read "in the possession of the United States" to apply to any entity of the federal government. Defendants cite to no authority to support the argument that the Jencks Act covers the entire federal government. While the Court could find no Eighth Circuit precedent on the issue, other circuits that have found that the Jencks Act covers only federal prosecutorial and investigatory agencies.[1] There is no evidence that this prosecution was the result of a joint investigation between the Department of Justice and the SBA. Therefore, Ms. Zelaya's statements are not Jencks material just because they are in the possession of the SBA.

Ms. Zelaya's emails from other cases in which she testified—if they exist—are not Jencks material either. The "government need not turn over collateral or background information" or "statements made by the witness that are not related to the testimony at trial." *Primm*, 63 F.4th at 1191. In *Primm*, an agent testified as an expert witness about common forms of tax evasion and as a fact witness related to the investigation. *Id*. The defendant requested "in

---

[1] *See United States v. Georgiou*, 777 F.3d 125, 142 (3d Cir. 2015) ("The additional statements Appellant seeks either were not within the possession of the prosecutorial arm of the government, i.e., those held by the SEC, or do not exist."); *United States v. Naranjo*, 634 F.3d 1198, 1212 (11th Cir. 2011) ("A statement is 'in the possession of the United States' for Jencks Act purposes if it is in the possession of a federal prosecutorial agency.") (quoting *United States v. Cagnina*, 697 F.2d 915, 922 (11th Cir. 1983)); *United States v. Ramirez*, 174 F.3d 584, 588 (5th Cir. 1999) (Jencks applied to material in the possession of the Bureau of Prisons when "[t]here [was] no doubt that the Bureau of Prisons was part of the investigative team"); *United States v. Sumpter*, 819 F.2d 290 (6th Cir. 1987) (unpublished table decision) ("A statement is 'in the possession of the United States' for purposes of applying the Jencks Act if it is in the possession of the federal prosecutorial agency."); *United States v. Polizzi*, 801 F.2d 1543, 1552 (9th Cir. 1986) ("For Jencks Act purposes, a statement is 'in the possession of the United States' when it is in the possession of the prosecutor."); *United States v. Weidman*, 572 F.2d 1199, 1207 (7th Cir. 1978) ("Nor is it clear that the Jencks Act requires the prosecution to discover and produce 'statements' that are in the possession of other, nonprosecutorial agencies of the government.").

addition to the statements made by [the agent] in the course of the investigation, all statements made by [the agent] while investigating tax evasion cases." *Id*. Primm argued that the agent "testified, as an expert, about the general topic of 'tax evasion techniques' and any prior written statement by him about 'tax evasion techniques,' regardless of the investigation in which he made the prior statement, would relate to his testimony at trial." Brief of Appellant, *Primm*, No. 22-1299 (8th Cir. June 6, 2022), 2022 WL 2110230, at *10. The Eighth Circuit rejected that argument. If the agent had "testified about specific cases that he had worked on in the past, these statements may have been related. But the general testimony given by [the agent] describing common types of tax evasion does not trigger Jencks Act disclosure of all statements from prior investigations related generally to tax evasion." *Primm*, 63 F.4th at 1191. The same principle applies to Ms. Zelaya. Her general testimony about the PPP program and loan application does not trigger Jencks Act disclosure of all her statements from her prior service as a witness. If Ms. Zelaya's testimony at trial includes references to her prior testimony or her role in the specific cases in which she testified, the statements might be related for the purposes of the Jencks Act. If that occurs, the Court will reconsider whether the United States needs to make additional inquiries for Jencks materials from other United States Attorney Offices.

   Second, Defendants make a narrow claim that draft statements of Ms. Zelaya's summary testimony must be disclosed under *Brady* and the Jencks Act. Defendants' *Brady* argument fails. The United States has represented to the Court that "it does not possess any *Brady* material regarding Ms. Zelaya's proposed testimony in the form of draft witness summaries or any other form." Doc. [283] at 2. The Court has no reason to doubt that claim. Defendants' similar argument about drafts of George Reed's plea agreement was rejected by the Magistrate Judge after in camera review of the drafts. *See* Doc. [315]. "[M]ere speculation is not sufficient to sustain a *Brady* claim." *United States v. Horton*, 756 F.3d 569, 575 (8th Cir. 2014) (quoting *United States v. Aleman*, 548 F.3d 1158, 1164 (8th Cir. 2008)).

   It is not clear to the Court whether any drafts of Ms. Zelaya's summary testimony were turned over to Defendants with Jencks material produced on August 15th. "Although an in camera inspection is not required in every case, 'a Government objection to production may require that the trial court inspect documents or hold a hearing to gather extrinsic evidence bearing on the extent to which the documents are statements producible under § 3500." *United States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008) (cleaned up) (quoting *Goldberg v. United*

3

*States*, 425 U.S. 94, 108 (1976)).  "Before an in camera inspection is required, [a defendant] must make a 'colorable claim' that the documents that she seeks are statements within the meaning of the Jencks Act." *Id*. (quoting *United States v. Willis*, 997 F.2d 407, 413-14 (8th Cir. 1993)).  The Court finds that Defendants have made a colorable claim that drafts of summary testimony that were "signed or otherwise adopted or approved" by Ms. Zelaya are Jencks material.  *See* 18 U.S.C. § 3500(e)(1).  If the United States is withholding any such statements on the grounds that they do not qualify as Ms. Zelaya's statements or relate to the subject matter of her testimony, the United States is ordered produce them to the Court for in camera inspection by 8:00 a.m. on the morning Ms. Zelaya testifies.  The United States does not have to produce emails or other statements related to the logistics of Ms. Zelaya's testimony.  At this time, Defendants have not made a colorable claim that the United States is withholding any other Jencks material.  It is entirely possible that the United States coordinates with its witnesses over the phone or in person.  If Defendants provide more than speculation about the existence of withheld Jencks material, the Court will consider whether additional in camera review is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Disclosure of Newly Disclosed Witness Summary Testimony, Doc. [281], is GRANTED IN PART as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Jencks Material in the Form of E-Mails, Doc. [359], is DENIED.

Dated this 24th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4