UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cr-00532-SEP |
| | ) |
| CHRISTOPHER LEE CARROLL and | ) |
| WHISKEY DIX BIG TRUCK REPAIR, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion In Limine Regarding Onboard Diagnostic Systems. Doc. [312]. The motion was denied in an oral ruling at the pretrial conference on August 20, 2024. This Memorandum and Order sets forth the Court's reasoning.

### BACKGROUND

A grand jury indicted Defendant Carroll with one count of Conspiracy to Violate the Clean Air Act (Count 13) and Defendants Carroll and Whiskey Dix Big Truck Repair, LLC, with 21 counts of Tampering with Clean Air Act Monitoring Device (Counts 14-34).[1] *See* Doc. [162]. Defendants previously moved to dismiss the Clean Air Act (CAA) counts for failure to state a criminal offense. *See* Doc. [290]. Defendants argued that the Clean Air Act criminalizes tampering with a monitoring device, but items Defendants allegedly tampered with—onboard diagnostic systems (OBDs)—are not monitoring devices within the meaning of the CAA. The Court denied the motion as untimely. *See* Doc. [301]. Defendants move to prohibit the United States from "calling onboard diagnostic systems 'monitoring devices' at trial." Doc. [312] at 1.

### DISCUSSION

OBDs are monitoring devices within the plain meaning of the text of the CAA, and the CAA authorizes criminal penalties for "[a]ny person who knowingly . . . falsifies, tampers with, renders inaccurate, or fails to install any monitoring device or method required to be maintained or followed under this chapter." 42 U.S.C. § 7413(c)(2)(C). *United States v. Coiteux* addresses the same issue, and the Court adopts that opinion's sound reasoning. 2024 WL 1998417 (W.D. Wash. May 6, 2024).

---

[1] The United States dismissed Counts 19, 23, 25, 32, and 34 before trial. *See* Doc. [383].

1

To summarize: "The Clean Air Act is Chapter 85 of United States Code Title 42" and "[i]t is a crime to tamper with any monitoring device required under the CAA." *Id*. at *2 (citing 42 U.S.C. § 7413(c)(2)(C)). The criminal prohibition on tampering is in Subchapter I of the CAA, but it "explicitly licenses the Government to impose its criminal penalties if a defendant tampers with any monitoring device required *under any part of the CAA*." *Id*. at *3 (emphasis added). Subchapter II of the CAA covers emissions standards for moving sources. *See* 42 U.S.C. §§ 7521-90. Within Subchapter II, § 7521(m)(1) requires manufacturers to install OBDs. *Coiteux*, 2024 WL 1998417, at *2 (quoting 42 U.S.C. § 7521(m)(1)(A)). "Subchapter II prohibits any person from removing or rendering inoperative any device required under Subchapter II and from selling parts intended to bypass, defeat or render inoperative any device required under Subchapter II." *Id*. (citation omitted) (citing 42 U.S.C. § 7522(a)(3)(A), (B)). And while § 7524 "permits the EPA Administrator to assess civil penalties against persons who violate § 7522," it also "makes clear that any Administrator action does not 'affect any person's obligation to comply with any section of this *chapter*.'" *Id*. (emphasis added) (quoting 42 U.S.C. § 7524(c)(3)(B)).

The *Coiteux* court explained that "[a]lthough the criminal provision of the CAA at issue in this case is contained within Subchapter I, the tampering provision explicitly licenses the Government to impose its criminal penalties if a defendant tampers with any monitoring device required under any part of the CAA." *Id*. at *3. The court found that OBDs fall within the plain meaning of the term "monitoring device," explaining that the defendant "does not explain how an OBD could diagnose a problem with the emissions system without monitoring that system." *Id*. And the court noted "[t]he fact that sister courts and Congress both repeatedly assert that OBDs 'monitor' emissions." *Id*. (relying on *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 453 (D.C. Cir. 1998) ("OBDs monitor, control, and record the emissions released by automobile engines."); S. Rep. No. 101-228 at 97 (1989) (explaining that OBDs "would monitor emissions control equipment and may one day eliminate the need for more costly and less efficient State emissions inspection and maintenance programs and recall programs")).[2]

---

[2] *See also United States v. Toyota Motor Corp.*, 117 F. Supp. 2d 34, 36-37 (D.D.C. 2000) ("[A]n OBD system monitors, controls, and records the emissions released by a motor vehicle's engine."); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. N.Y. State Dep't of Env't Conservation*, 79 F.3d 1298, 1303 (2d Cir. 1996) (defining onboard diagnostic system as "a vehicle's computer system that monitors the performance of emissions control systems").

Defendants' arguments do not persuade the Court that *Coiteux* is wrong or that OBDs are not monitoring devices within the meaning of the CAA. First, Defendants argue that because the CAA uses the phrases "diagnostic systems" and "monitoring devices" in different places, principles of statutory interpretation require the Court to assume that "Congress envisioned a difference between the two terms." Doc. [312] at 2. But finding that an OBD is a monitoring device within the meaning of § 7413(c)(2)(C) does not mean that "monitoring device" and "diagnostic system" are synonymous. In fact, it seems likely that all OBDs are monitoring devices, but not all monitoring devices are OBDs. The CAA does not define "monitoring device," and its plain meaning is broad enough to include OBDs. And, like the defendant in *Coiteux*, Defendants here do "not explain how an OBD could diagnose a problem with the emissions system without monitoring that system." *Coiteux*, 2024 WL 1998417, at *3.

The cases Defendants cite in support of their statutory interpretation argument do not undermine *Coiteux*. For example, Defendants cite *Pitman Farms v. Kuehl Poultry, LLC*, for the proposition that "when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." 48 F.4th 866, 876 (8th Cir. 2022) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004)). But *Pitman Farms* goes on to hold that two different terms could have overlapping meanings: "we hold that the term 'seller' can include 'producer' when applying the Producer Protection Act and its implementing Rule." *Id*. at 877. Here, in the context of the CAA, Defendants have not shown that the term "monitoring device" cannot include OBDs. Without a statutory definition or reason to suggest the term should be interpreted in a narrow, technical sense, the Court gives "monitoring device" its plain—and broad—meaning. *See Coiteux*, 2024 WL 1998417, at *3 (accepting "the dictionary definition of a 'monitoring device' as 'a piece of equipment or mechanism designed to perform the special function to watch, keep track of, or check'" and that "the OBD performs the special function to keep track of and check the emissions of vehicles").

Defendants also argue that the overall structure of the CAA makes clear that "Congress never intended all of Subchapter II to be incorporated into § 7413(c)" because "Congress explicitly selected certain provisions under the Clean Air Act for enforcement under § 7413 and excepted others." Doc. [312] at 5. Defendants are correct that some subsections in § 7413(c) carve out an exception for Subchapter II, but they are wrong to impute those exceptions to all of § 7413(c). Subsection § 7413(c)(1) criminalizes violations of "any requirement or prohibition of

3

an applicable implementation plan . . . including any requirement for the payment of any fee owed the United States under this chapter (other than subchapter II)." And subsection § 7413(c)(3) provides that "[a]ny person who knowingly fails to pay any fee owed the United States under this subchapter, subchapter III, IV-A, V, or VI shall, upon conviction, be punished by a fine pursuant to Title 18 or by imprisonment for not more than 1 year, or both." Congress knew how to exclude Subchapter II from criminal enforcement under § 7413(c). The fact that it did not exclude Subsection II in § 7413(c)(2)(C) does not suggest a mistake or oversight. It suggests that Congress meant for the provision to apply to the entire chapter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion In Limine Regarding Onboard Diagnostic Systems, Doc. [312] is **DENIED**.

Dated this 4th day of September, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4