**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:21-cr-00532-SEP |
| | ) | |
| CHRISTOPHER LEE CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Carroll's Motion to Transfer Venue, Doc. [550].  Because Mr. Carroll appears to have been housed in St. Francois County Jail in Farmington, MO, on June 17, 2025, *see* Doc. [548] at 5, the Court finds it unnecessary to decide what "resides" means in the context of 28 U.S.C. § 3004(b)(2).  Whether the Court adopts the Government's position— that "residence involves some choice . . . [and] presence elsewhere through constraint has no effect upon it," *Neuberger v. United States*, 13 F.2d 541, 542 (2d Cir. 1926)—or Mr. Carroll's position—that a person "resides" for purposes of § 3004(b)(2) in the judicial district where he is physically present on the day the application for writ was filed[1]—the outcome is the same:  Mr. Carroll resides in the Eastern District of Missouri and lacks grounds for a transfer.

**IT IS HEREBY ORDERED** that Defendant Carroll's Motion to Transfer Venue, Doc. [550], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is set for a hearing on Defendant's Motion to Quash, Doc. [551], on Friday, July 18, 2025, at 12:00 p.m. in Courtroom 16N.

Dated this 17th day of July, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Carroll's motion and reply neglected to mention that Mr. Carroll had been transferred by writ back to the Eastern District of Missouri before the motion was filed.  On the oral record, defense counsel claimed that he had been aware of his client's location and that the omission was innocent.  But counsel's argument did change significantly after Mr. Carroll's location came to light.  Specifically, he abandoned residence-as-physical-presence and urged instead that to "reside" involves something more than temporary physical presence but still less than domicile—such that Mr. Carroll *does* reside in Memphis, TN, by virtue of his BOP designation but does *not* reside in Farmington, MO, by virtue of the writ. Considering the untimeliness of the argument and counsel's failure to provide any intelligible principle or case law supporting it, the Court disregards it.