UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cr-00532-SEP |
| CHRISTOPHER CARROLL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

After careful consideration of both parties' briefing, the Court denies Christopher and Kimberly Carroll's Motion for Stay Pending Appeal and Approval of Supersedeas Bond/Security in the Form of the Property at Issue, Doc. [586].

While the Federal Rules of Civil Procedure were revised in 2018 to make explicit the opportunity to "obtain a stay by providing a bond *or other security*," Fed. R. Civ. P. 62(b) (emphasis added), such a stay only "takes effect when the court approves the bond or other security," *id.*, and "[a]ny other form of security . . . must also provide 'sufficient protection for the judgment creditor.'" *United States v. I-44 Truck Ctr. & Wrecker Serv., LLC*, 2025 WL 1489488, at *1 (E.D. Mo. May 23, 2025) (quoting *State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc.*, 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022).[1]  The Court does not

---

[1] The parties dispute whether the Court should consider the Carrolls' request under Federal Rule of Civil Procedure 62 or Federal Rule of Criminal Procedure 38.  Unfortunately, neither party produces any decisive legal authority on that question.  There is substantial persuasive authority favoring the treatment of the Government's writ of execution as a civil procedure, even within the context of a criminal case. *See, e.g.*, *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (unpublished per curiam) (upholding denial of appointment of counsel for garnishment proceedings) (citing *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("a writ of garnishment hearing is a civil proceeding collateral to the underlying criminal conviction")); *United States v. Lee*, 504 F. App'x 505, 506–07 (7th Cir. 2013) ("garnishment proceedings remain a civil matter, even when brought under a criminal case number") (citing *United States v. Lee,* 659 F.3d 619, 620–21 (7th Cir. 2011)).  And the Government offers no authority for its argument that the Court should treat the Carrolls' motion to quash a writ of execution against a specific piece of property as an untimely challenge to the Court's sentencing order.  *See* Doc. [587] at 2-3.  The Court therefore elects to apply Federal Rule of Civil Procedure 62 but hastens to note—as the Government concedes, *id.* at 4-5—that it appears to have discretion to grant or deny the requested stay under either rule.  *See* Fed. R. Crim. P. 38(e)(1) (allowing district court to "stay—on any terms considered appropriate—any sentence providing for restitution . . .").

agree with the Government that only a bond in the amount of the entire restitution amount—a far greater amount than the Government has ever expressed any expectation of earning from the sale of the property at issue—would suffice to secure its interest in executing the writ.  But the Court also cannot accept the Carrolls' argument that the mere existence of the property justifies a finding that their "ability to pay the judgment is so plain that the cost of a bond would be a waste of money," Doc. [586] at 6 (paraphrasing *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002)), and that the property itself is sufficient security to protect the Government's interest in executing the writ.  Greater security than that offered in the Carrolls' motion—for example, a bond in the amount of a well-substantiated estimate of the likely proceeds from the sale of the property, plus expenses and interest—would be necessary to warrant a stay of the Court's denial of the motion to quash in this matter, even under Rule 62(b).  *See, e.g.*, *United States v. Peters*, 2014 WL 4979287 at *3 (E.D.Mo. Oct. 6, 2014); *United States v. I-44 Truck Ctr. & Wrecker Serv., LLC*, 2025 WL 1489488, at *1 (E.D. Mo. May 23, 2025).

    Accordingly,

    **IT IS HEREBY ORDERED** that Christopher and Kimberly Carroll's Motion for Stay Pending Appeal and Approval of Supersedeas Bond/Security in the Form of the Property at Issue, Doc. [586], is **DENIED**.

    Dated this 15th day of September, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE